**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION**

RANDALL RE,

        Petitioner,               Case Number: 07-13257-BC
                                            Honorable Thomas L. Ludington

v.

C. EICHENLAUB,

        Respondent.
_____/

**OPINION DISMISSING PETITION
FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE**

Petitioner Randall Re, who is currently incarcerated at the Federal Correctional Facility in Milan, Michigan, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2241. Petitioner challenges the policies of the Federal Bureau of Prisons ("BOP") concerning eligibility for placement in a Community Corrections Center ("CCC"), also known as a halfway house. Respondent has filed a response arguing, *inter alia*, that Petitioner lacks standing to bring this action.

I.

On April 15, 2003, Petitioner was sentenced to 87-months' imprisonment and three years' supervised release for conspiracy to commit extortion and conspiracy to travel in aid of racketeering. The Inmate Locator Service indicates that Petitioner's projected release date is February 22, 2009.[1]

---

[1] The Federal Bureau of Prisons maintains an Inmate Locator Service, which may be accessed through the Bureau of Prisons' official website (www.bop.gov). The Inmate Locator Service enables the public to track the location and projected release dates of federal inmates. The Court is permitted to take judicial notice of information on the Inmate Locator Service. See Fed. R. Evid. 201(c); *Hill v. Eichenlaub*, No. 06-CV-13711, 2007 WL 772913, * 1 (E.D. Mich. March 12, 2007) (Steeh, J.).

In his pleadings, Petitioner challenges the validity of BOP regulations 28 C.F.R. §§ 570.20 and 570.21 which categorically limit the BOP's authority to place offenders in CCCs to the final 10% or six months of their sentences, whichever is less.

II.

Article III limits the federal courts to deciding "cases" and "controversies." To ensure that any matter presented to a federal court meets that requirement, the court considers the doctrines of standing, ripeness and mootness. To establish standing, "[a] plaintiff must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." *Allen v. Wright*, 468 U.S. 737, 751 (1984). The injury "must be legally and judicially cognizable. This requires, among other things, that the plaintiff have suffered 'an invasion of a legally protected interest which is . . . concrete and particularized.'" *Raines v. Byrd*, 521 U.S. 811, 819 (1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)).

In this case, Petitioner has not alleged facts to establish that he has standing to bring this habeas action. He has not shown that the BOP has applied the disputed policy to him. Given this circumstance, the Court finds that Petitioner has failed to establish that he has Article III standing to bring this action. *See Heintzelman v. Eichenlaub*, No. 07-CV-13320, 2007 WL 2572032, *1 (E.D. Mich. Sept. 5, 2007) (holding that federal inmate who failed to show that the BOP's disputed policy had been applied to deny him consideration for CCC placement lacked standing to file to challenge the policy); *Delano v. Eichenlaub*, No. 07-CV-13287, 2007 WL 2571952 (E.D. Mich. September 05, 2007) (Duggan, J.) (same); *Ortiz v. Eichenlaub*, No. 2:07-CV-13525, 2007 WL 2572014 (E.D. Mich. September 05, 2007(Taylor, J) (same); *Rivera v. Willingham*, No. 3:06-CV-315, 2006 WL 2038359, *3 (D. Conn. July 18, 2006) (petitioner lacked standing to challenge BOP policy where

BOP had not yet considered her eligibility for CCC placement). His petition must therefore be dismissed.

III.

Accordingly, it is **ORDERED** that, for the reasons stated above, the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

It is further **ORDERED** that an appeal from this order would be frivolous and could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, Plaintiff may not pursue an appeal from this order *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 14, 2008

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 14, 2008.

s/Tracy A. Jacobs
TRACY A. JACOBS

---